UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-24101-CIV-GAYLES/TURNOFF

JOHN STEVEN WOODBY,

    Plaintiff,
v.

COUNTRYWIDE HOME LOANS, INC.,
et al.,

    Defendants.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss [ECF No. 6] and Defendant Countrywide Home Loans, Inc.'s Motion to Dismiss Plaintiff's Complaint [ECF No. 14]. The Court has considered the parties' written submissions and applicable law. For the reasons that follow, the Court grants the motions to dismiss.

## BACKGROUND

On June 29, 2005, Plaintiff executed a Note and Mortgage on a property in favor of Countrywide Home Loans, Inc. ("Countrywide") [ECF No. 1-3, exhibits B and C]. Countrywide later transferred the Note to U.S. Bank, N.A. ("U.S. Bank").

On September 21, 2015, Plaintiff, appearing pro se, filed this action in the Eleventh Judicial Circuit in and for Miami-Dade County against Defendants Countrywide, Nationstar Mortgage LLC ("Nationstar"), U.S. Bank, and Mortgage Electronic Registration Systems, Inc. ("MERS"). Plaintiff's claims all revolve around his contention that Countrywide was required to release Plaintiff's mortgage when it transferred the loan to U.S. Bank and that, as a result of the transfer, the mortgage was stripped of the note, the chain of title was broken, and the mortgage is no longer enforceable. With these allegations as his predicate, Plaintiff sets forth claims for (1) breach of

contract, (2) misrepresentation, (3) quiet title, (4) "[n]one of the Defendants have legal ownership of the Woodby note," (5) violation of Fla. Stat. § 673.5011(1)(B), (6) violation of 15 U.S.C. § 1641(G)(1)(D), and (7) declaratory judgment.  On November 2, 2015, Defendants MERS, U.S. Bank, and Nationstar removed the action to this Court.  All defendants have now moved to dismiss for failure to state a claim.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)).  Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than unadorned, the defendant –unlawfully-harmed-me accusations." *Id*. (alteration added) (quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).  Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).  To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556).  Although the Court must liberally construe pro se pleadings, pro se litigants must still comply with procedural rules.  *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).  When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true.  *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

## ANALYSIS

Plaintiff's claims all stem from his allegation that Countrywide was required to release his mortgage when it transferred the loan to U.S. Bank. Plaintiff's argument is contrary to well-established law. "The transfer of a mortgage on the secondary market does not discharge a mortgagor's obligation under a mortgage and note even if the original lender was paid." *Howell v. PHH Mortgage Corp. et al.*, No. 15-cv-883-Orl-TBS, 2015 WL 5829673 at *3 (M.D.Fla. Oct. 1, 2015) (quoting *Altier v. Fed. Nat'l Mortg. Ass'n*, No. 1:13-CV-164-MW/GRJ, 2013 WL 6388521, at *3 (N.D. Fla. Dec. 6, 2013)). As a result, each of Plaintiff's claims fail.

Plaintiff's claims are also subject to dismissal for a myriad of other reasons. Plaintiff's claim for misrepresentation fails because he does not plead with any particularity the time, place, and manner of any misrepresentations. *See Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997). Plaintiff's claim to quiet title fails because there is no cloud on title. The Note and Mortgage are enforceable, notwithstanding the transfer. Accordingly, there is no cloud on title as a matter of law. *See Kaan v. Wells Fargo Bank, N.A.*, 981 F. Supp. 2d 1271, 1273 (S.D. Fla. 2013). Plaintiff's claim for a violation of Fla. Stat. § 673.5011(1)(B) fails because Plaintiff specifically waived his right to presentment when he signed the note. *See* [ECF No. 1-3 at pg. 22, ¶ 10] ("I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor."). Finally, Plaintiff's claim under 15 U.S.C. § 1641(g) must be dismissed as Plaintiff fails to allege any facts regarding the sale, transfer, or assignment of his loan. Indeed, Plaintiff merely recites the elements of a § 1641(g) claim without any detail or support. *See Farson v. Carrington Mortg. Service, LLC*, No. 13-cv-2289-T-33TGW, 2013 WL 5705565 at * 1 (M.D. Fla. Oct. 18, 2013) (dismissing TILA claim under § 1641(g) where plaintiff "merely reproduce[d] the statutory requirements of section 1641(g)).

The Court finds that leave to amend is not appropriate.  Plaintiff bases all of his claims on Countrywide's failure to release his mortgage following transfer of the loan.  This is a legally insufficient claim that cannot be cured through more artful pleading.  *See Howell*, 2015 WL 5829673 at *4 (dismissing plaintiff's action with prejudice where plaintiff could not cure deficiencies through an amendment to the complaint).

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss [ECF No. 6] and Defendant Countrywide Home Loans, Inc.'s Motion to Dismiss [ECF No. 14] are GRANTED. Plaintiff's Complaint is **DISMISSED with prejudice**.  It is further

**ORDERED AND ADJUDGED** that this action shall be **CLOSED** for administrative purposes, and all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of May, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE